UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FA XIANG CHEN,

                Plaintiff,

      - against -

JEH JOHNSON, Secretary of Department of
Homeland Security, LEON RODRIGUEZ, Director
of U.S. Citizenship & Immigration Services,
DONALD NEUFELD, Associate Director of U.S.
Citizenship & Immigration Services,

                Defendants.
------------------------------------------------------------X

MEMORANDUM AND ORDER
15-CV-3422 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Fa Xiang Chen commenced this action against defendants Jeh Johnson, Secretary of the Department of Homeland Security; Leon Rodriguez, Director of United States Citizenship & Immigration Services ("USCIS"); and Donald Neufeld, Associate Director of USCIS (collectively, "defendants"). (Compl. (Doc. No. 1).) Chen seeks declaratory judgment that he is eligible to adjust his status to that of a lawful permanent resident without reopening his prior removal orders because he is a "paroled arriving alien" with an unexecuted administratively final order of removal. (Compl. at 1, 10.)[1] Defendants moved to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), or, in the alternative, for failure to state a claim pursuant to Rule 12(b)(6). (Mot. Dismiss (Doc. No. 16).) For the reasons set forth below, defendants' motion to dismiss is granted on both grounds.

---

[1] For ease of reference, citations to court documents utilize ECF pagination.

1

# BACKGROUND

## I. Chen's Admission to the United States and Initial Removal Proceedings Under the Name Chiang Hai Gn

Chen is a native and citizen of the People's Republic of China who entered the United States at the Los Angeles International Airport. (Compl. at 3–4.) Chen was detained at the airport by immigration officials and issued a Form I-122, "Notice to Applicant for Admission Detained for Hearing before Immigration Judge," charging him, under the name "Chiang Hai Gn," with being excludable. (*Id.* at 4.) Chen alleges that, shortly thereafter, on March 22, 1991, he was paroled into the United States. (*Id.*) Chen was put into exclusion proceedings under the alien registration number A070-078-537, and, by decision dated July 2, 1991, the immigration judge ("IJ") ordered Chen excluded for failure to appear in the exclusion proceedings. (*Id.*; *see also* Assistant United States Attorney ("AUSA") Schachner Decl., Ex. B ("1991 Removal Order") (Doc. No. 17) at 7–8.) On September 27, 1991, Chen moved to reopen his exclusion proceedings, which the IJ denied by order dated December 23, 1991, due to procedural deficiencies. (Compl. at 4.) On February 27, 1995, the Board of Immigration Appeals ("BIA") dismissed Chen's appeal of the IJ's denial of the motion to reopen. (*Id.*; AUSA Schachner Decl., Ex. D ("1995 BIA Decision") (Doc. No. 17) at 12.)

## II. Asylum and Removal Under the Name Fa Xiang Chen

On or about January 3, 1994, Chen filed an asylum request under the name "Fa Xiang Chen" and was assigned a second alien registration number, A073-052-993. Chen did not disclose that he had previously been subject to exclusion proceedings, under a different name (Chiang Hai Gn), and, in fact, ordered excluded. (AUSA Schachner Decl., Ex. E ("1994 Asylum Request") (Doc. No. 17) at 14–19.) He asserted in his application that he feared persecution in China due to his political activities. (*Id.* at 19.)

2

On December 17, 1997, Chen attended an asylum interview. (*See* AUSA Schachner Decl., Ex. F ("Referral Memo") (Doc. No. 17) at 21.) During the interview, Chen asserted that he feared persecution in China due to his political opinion and because of China's "one child" policy. (*Id.*) He reported that he came to the United States because he violated that policy by having two children and he feared that the government would sterilize him. (*Id.*) However, the asylum officer who conducted the interview found Chen's testimony incredible because he was not able to provide details about his claims or explain certain events and inconsistencies. (*Id.*) The Immigration and Naturalization Service ("INS") referred Chen to an IJ for removal proceedings, and informed Chen that the IJ would assess his eligibility for asylum. (*Id.* at 23–24.)

The INS commenced removal proceedings against Chen under the name "Fa Xiang Chen" by Notice to Appear dated December 18, 1997. (AUSA Schachner Decl., Ex. H ("Notice to Appear") (Doc. No. 18) at 2.) Chen alleges in his Complaint that the notice erroneously stated that Chen was admitted to the United States, rather than paroled into the United States. (Compl. at 4–5.) Accordingly, Chen claims that the INS asserted that he was removable pursuant to INA § 237(a)(1)(A) (8 U.S.C. § 1227), (Compl. at 4–5), which, he asserts, classifies as removable, "[a]ny alien . . . in and admitted to the United States" who is "[i]nadmissible at the time of entry or adjustment of status." 8 U.S.C. § 1227(a)(1)(A).

During the course of the removal proceedings, Chen filed an asylum application dated February 11, 1999, under the name "Fa Xiang Chen." (AUSA Schachner Decl., Ex. I ("1999 Asylum Application") (Doc. No. 18) at 5.) Chen completed the application using an INS form which asked him to check a box if he had been in exclusion proceedings previously. (*Id.*) Chen failed to check that box despite having previously been in exclusion proceedings. (*Id.*)

3

On October 22, 1999, the IJ denied Chen's 1999 application for asylum and ordered him removed. (Compl. at 5; *see also* AUSA Schachner Decl., Ex. J ("Oct. 22, 1999 IJ Order") (Doc. No. 18) at 16–17.) The IJ found that Chen had "admitted the allegations in the Notice to Appear," and that, "on the basis of the respondent's admissions . . . the respondent's removability ha[d] been established by clear and convincing evidence." (AUSA Schachner Supp. Decl., Ex. P ("IJ Oral Decision") (Doc. No. 20-1) at 5.) Those admissions included the allegation that Chen was admitted into the United States, rather than an arriving alien. (*See* Notice to Appear at 2.) By order dated October 25, 2002, the BIA affirmed the denial of asylum and removal on appeal. (AUSA Schachner Decl., Ex. K ("2002 BIA Order") (Doc. No. 18) at 19.) Chen twice filed motions with the BIA seeking to reopen removal proceedings; the BIA denied those motions by orders dated March 6, 2012 and October 30, 2013. (AUSA Schachner Decl., Ex. L ("2012 BIA Order") (Doc. No. 18) at 21; AUSA Schachner Decl., Ex. M ("2013 BIA Order") (Doc. No. 18) at 23.)

### III. Chen's Application for Adjustment of Status

On May 22, 2012, Chen, under the name "Fa Xiang Chen," filed an Adjustment of Status Application with USCIS, together with an I-130 Petition for Alien Relative ("I-130"), and an I-601 Application for Waiver of Grounds of Inadmissibility ("I-601"). (Compl. at 5; *see also* AUSA Schachner Decl., Ex. N ("Adjustment of Status Application") (Doc. No. 18) at 25–30; AUSA Schachner Decl., Ex. O ("Ltr. of Admin. Closure") (Doc. No. 18) at 32.) In his Complaint, Chen claims these applications were based on Chen's marriage on July 6, 2005 to a United States citizen. (Compl. at 5.) Chen asserts that he received a Receipt Notice for all three filings on June 6, 2012 and attended an adjustment of status interview on October 1, 2012. (*Id.*) On February 19, 2013, USCIS approved Chen's I-130. (*Id.*) However, by letter dated August

4

23, 2013, USCIS informed Chen that it had administratively closed the Adjustment Application pursuant to 8 C.F.R. § 1245.2(a)(1)(i) because Chen had been placed in removal proceedings, and only the IJ in those proceedings has jurisdiction to adjudicate an application for adjustment of status filed by Chen. (Ltr. of Admin. Closure at 32.) USCIS further stated in its letter that, if the removal proceedings were terminated, it would adjudicate Chen's case. (*Id.*)

### IV. The Instant Action

On June 12, 2015, Chen commenced the instant action seeking a declaration that Chen, as a paroled arriving alien, is eligible to adjust to lawful permanent resident status without reopening his prior removal orders. (Compl. at 10.) Chen argues that he is eligible for an adjustment of status as a paroled arriving alien who has an approved I-130 petition based on his wife's citizenship. (*Id.*) Chen argues that USCIS has jurisdiction to adjudicate his I-485 application because Chen is an arriving alien. (*Id.* at 7.) He asserts that the decision whether to adjudicate an application is governed by the Administrative Procedure Act ("APA"), which requires that an application be decided within a reasonable time. (*Id.* at 8 (citing 5 U.S.C. § 555(b); 8 U.S.C. § 1255(a); *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 389 (S.D.N.Y. 2004)).)

On February 15, 2016, defendants moved to dismiss for lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim under the APA. (Defs.' Mem. Supp. Mot. Dismiss ("Defs.' Mem.") (Doc. No. 16-1) at 2.) For the reasons that follow, defendants' motion is granted on both grounds, and Chen's action is dismissed.

## STANDARD OF REVIEW

### I. Rule 12(b)(1)

Rule 12(b)(1) allows a defendant to bring a motion to dismiss for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Plaintiffs carry the burden to affirmatively establish the

5

existence of subject-matter jurisdiction by a preponderance of the evidence. *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd,* 561 U.S. 247 (2010) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). In determining whether a court has subject matter jurisdiction, "the court may consider relevant documents that are extrinsic to the complaint." *N.Y.S. Catholic Health Plan, Inc. v. Acad. O & P Assoc.*, 321 F.R.D. 278, 294 (E.D.N.Y. 2015) (citing *Phifer v. City of New York,* 289 F.3d 49, 55 (2d Cir. 2002)). "After construing all ambiguities and drawing all inferences in a plaintiff's favor, a district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (internal citations and quotation marks omitted).

## II. <u>Rule 12(b)(6)</u>

Rule 12(b)(6) allows a defendant bring a motion to dismiss for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In order to withstand defendants' motion to dismiss, Chen's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). Although the complaint need not contain "detailed factual allegations," simple "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Rather, the complaint must include "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, which means "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

When reviewing a motion pursuant to Rule 12(b)(6), the Court assumes the truth of the facts alleged in the complaint, and draws all reasonable inferences in Chen's favor. *See Harris*, 572 F.3d at 71. The Court is not, however, "bound to accept as true a[ny] legal conclusion couched as a factual allegation." *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## DISCUSSION

### I. <u>Subject Matter Jurisdiction</u>

This Court lacks subject matter jurisdiction to adjudicate Chen's claims. Chen premises jurisdiction on the APA and the Declaratory Judgment Act ("DJA"). (Compl. at 2.) The APA allows judicial review of final agency decisions and permits a reviewing court to 'compel agency action unlawfully withheld.'" *Scott v. Napolitano*, 618 F. Supp. 2d 186, 191 (E.D.N.Y. 2009) (quoting 5 U.S.C. § 706(1)). The DJA confers on federal courts the discretion to declare the rights of litigants. *Niagara Mohawk Power Co. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 106 n.7 (2d Cir. 2012). However, the DJA does not provide an independent basis for subject matter jurisdiction, *Saleh v. Holder*, 84 F. Supp. 3d 135, 140 (E.D.N.Y. 2014) ("The Declaratory Judgment Act is remedial, not jurisdictional." (internal quotation marks and citation omitted)), and by its terms, the APA does not apply "to the extent that . . . statutes preclude judicial review," 5 U.S.C. § 701(a)(1).

Various provisions of the INA preclude, or restrict, judicial review of immigration decisions. Relevant here, the REAL ID Act, 8 U.S.C. § 1252, makes clear that courts of appeals are the exclusive forum for challenges to the lawfulness of removal proceedings. 8 U.S.C.

7

§ 1252(a)(5); *Luna v. Holder*, 637 F.3d 85, 86 (2d Cir. 2011) ("The sole and exclusive means for challenging a final order of removal is to file a petition for review in a federal court of appeals."); *Scott*, 618 F. Supp. 2d at 191 ("[A]ll challenges to final orders of removal shall be made in the courts of appeals."). The Second Circuit has held that judicial review of an order of removal encompasses judicial review not only of a direct challenge to a removal order but also of an indirect challenge. *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011).

In *Delgado*, the plaintiff, who was subject to an order of removal, filed an application for an adjustment of status based on her marriage to a United States citizen, as well as a Form I-212 waiver request for permission to reapply for admission after a prior removal. *Id.* at 53–54. USCIS denied Delgado's application for adjustment of status and her I-212 request, finding her ineligible to seek admission because "she did not apply for permission to reenter prior to her unlawful entry" after she had previously been deported. *Id.* at 54. Subsequently, immigration authorities reinstated the order of removal against Delgado. *Id.* After unsuccessfully appealing the removal order to the Second Circuit, Delgado brought a mandamus action in the district court "to compel USCIS to make a determination on the merits of her I-212 application, alleging that USCIS denied her application in violation of the [APA]." *Id.* The Second Circuit held that section 1252(a)(5) precluded the district court from exercising jurisdiction over the action because, if Delgado were successful in obtaining an adjustment of status and an I-212 waiver, her order of removal would become invalid thus making the action an indirect challenge to a removal order. *Id.* at 55.[2]

---

[2] Chen's assertion that he is an arriving alien is contrary to the findings in the IJ's removal order, (*see* IJ Oral Decision at 5), which is a finding that this Court does not have jurisdiction to review. 8 U.S.C. § 1252(a)(9) ("Judicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction . . . by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact"). *Singh v. USCIS*, No. 15-CV-1411 (JMF), 2016 WL 1267796, at *3 n.2 (S.D.N.Y. Mar. 30, 2016), *appeal pending*, No. 16-CV-1729 (2d

Following *Delgado*, district courts in this Circuit have declined to exercise jurisdiction over indirect challenges to removal orders pursuant to Section 1252(a)(5). *See, e.g.*, *Hossain v. Johnson*, No. 15-CV-0122 (MKB), 2015 WL 9581815, at *4 (E.D.N.Y. Dec. 30, 2015) (declining to exercise jurisdiction where plaintiff "ask[ed] the Court to compel Defendants to consent to [Plaintiff's] motion to reopen his removal proceeding to allow him to file an approved application for adjustment of status to that of a lawful permanent resident" because the request was an indirect challenge to a removal order); *Hu v. Holder*, No. 11-CV-4747 (FB), 2012 WL 2619185, at *1 (E.D.N.Y. June 25, 2012) ("A challenge to an adjustment of status determination is inextricably linked to an alien's removal order, because if the plaintiff were successful in his application this would render the reinstatement order invalid." (citation and internal quotation marks omitted)); *Bici v. Napolitano*, No. 10-CV-1991 (AWT), 2012 WL 642781, at *2 (D. Conn. Feb. 28, 2012) (finding that "the court does not have jurisdiction to consider the plaintiff's request for an order directing the defendants to grant his application to reapply for admission into the United States" because the action constitutes an indirect challenge to a removal order); *Nieto-Ayala v. Holder*, No. 08-CV-8347 (LMM), 2011 WL 3918156, at *3 (S.D.N.Y. Aug. 30, 2011) (declining to exercise jurisdiction where plaintiff sought to compel the government to continue his enlargement on bond until his application for asylum was adjudicated by USCIS because the effect would be to prompt USCIS to adjudicate the asylum application, which, the court found, was inextricably linked to his removal order).

---

Cir. May 31, 2016); *see also Scott*, 618 F. Supp. 2d 186, 192 (E.D.N.Y. 2009) (finding that even if the IJ based his or her removal decision on an erroneous fact, the district court did not have jurisdiction to review that decision). However, even assuming *arguendo* that Chen is an arriving alien, his argument also fails. In *Singh* – a case recently decided in the Southern District of New York, with similar facts, in which the plaintiff raised analogous arguments to Chen's – the court found the plaintiff's argument that *Delgado* should not apply because he was an arriving alien was an impermissible attempt to limit the scope of the Second Circuit case. *Singh*, 2016 WL 1267796, at *4–5 (finding plaintiff's argument that, because he was an arriving alien, the Court had subject matter jurisdiction over his challenge to decisions denying his application for adjustment of status despite an existing removal order, "creative," but wholly unsupported by *Delgado*).

Here, Chen is subject to an order of removal, and, as in *Delgado*, this action, in effect, challenges that order. If the Court were to order USCIS to adjudicate Chen's adjustment of status application and USCIS were to grant the adjustment of status, Chen would become a lawful permanent resident and the order of removal would become invalid.[3] *See Delgado*, 643 F. 3d at 55 ("An adjustment-of-status challenge is inextricably linked to the reinstatement of an alien's removal order because a nunc pro tunc Form I-212 waiver of inadmissibility and the adjustment of status to that of a lawful permanent resident would render the reinstatement order invalid." (alterations and quotation marks omitted)).[4] Moreover, the complaint expressly challenges the validity of the removal order, asserting that the Notice of Appearance – the facts of which were the basis of the October 22, 1999 removal order – "incorrectly alleg[ed] that Mr. Chen was admitted (rather than paroled) . . . and as a result, was removable." (Compl. at 4; IJ Oral Decision at 5 ("The respondent has admitted the allegations in the Notice to Appear and

---

[3] The fact that Chen is seeking an order directing USCIS that it has jurisdiction to adjudicate his application, rather than an order directing USCIS to approve the application does not affect the determination that this Court lacks subject matter jurisdiction. *See Delgado*, 643 F.3d at 55 (finding that Delgado's action, "which seeks to force an adjudication on the merits of an I-212 application," indirectly challenged her reinstated order of removal and section 1252(a)(5)'s jurisdictional bar applied); *see also Ramirez–Albarracin v. Holder*, No. 14-CV-2133 (JSC), 2014 WL 4639934, at *3 (N.D. Cal. Sept. 17, 2014) (declining to exercise subject matter jurisdiction over a request to compel USCIS to adjudicate a pending I-212 application and finding that, the fact "[t]hat Petitioner merely seeks an order directing the government to adjudicate his I-212 application rather than an order directing the government to approve the application is of no moment." (citing *Delgado*, 643 F.3d 52)). Here, USCIS issued a letter informing Chen that it lacked jurisdiction over his application and administratively closing his application for adjustment of status. (Ltr. of Admin. Closure at 32.) Chen states in his complaint that "the decision to administratively close his application constitutes a final agency action" and seeks a declaration that Chen "is eligible to adjust to lawful permanent resident status without reopening either of his prior removal orders." (Compl. at 8–10.) In short, he seeks to compel USCIS to adjudicate his application on the merits. This is precisely the relief sought by the plaintiff in *Delgado*, which the Second Circuit found constituted an indirect challenge to a removal order. *Delgado*, 643 F.3d at 55.

[4] The fact that the plaintiff in *Delgado* was subject to a *reinstated* removal order is irrelevant. "[T]he critical distinction in *Delgado* . . . is between the existence and non-existence of an order of removal, not between an order of removal and a reinstated order of removal." *Singh*, 2016 WL 1267796, at *4. Nothing in the language of *Delgado* "suggests that its holding rests on the fact that Delgado was under a reinstated, as opposed to an initial, order of removal." *Id.*

conceded removability. On the basis of the respondent's admissions, I find the respondent's removability has been established by clear and convincing evidence.").)

Accordingly, Chen's action constitutes a challenge to his order of removal and, because neither the APA nor the DJA can confer subject matter jurisdiction where, as here, section 1252(a)(5) bars such jurisdiction, this Court lacks subject matter jurisdiction over his claim. *Delgado*, 643 F.3d at 55 (upholding finding that the district court did not have subject matter jurisdiction under the APA where section 1252(a)(5)'s jurisdictional bar applied); *Scott*, 618 F. Supp. 2d at 191–92 (the APA and the DJA were inapplicable where the action was barred by section 1252(a)(5)).

Further, dismissing this action for lack of subject matter jurisdiction does not leave Chen without a remedy. He may file with the BIA a motion to reopen his removal proceeding and, if the BIA denies that request, Chen may file a petition with the Second Circuit for review of that denial. *See Mata v. Lynch*, 135 S. Ct. 2150, 2154 (2015) (courts of appeals have jurisdiction to review BIA denials of motions to reopen); *Rosario-Mijangos v. Holder*, 717 F. 3d 269, 275–81 (2d Cir. 2013) (reviewing the BIA's denial of a motion to reopen proceedings). In fact, Chen alleges that he is "in the process of filing a request with [the Department of Homeland Security] for consent to join a motion to reopen" the removal proceedings. (Compl. at 6.)

## II. Failure to State a Claim

Even if the Court were to find that it has subject matter jurisdiction, Chen's action still must be dismissed for failure to state a claim under the APA. The APA only applies where "there is no other adequate remedy in a court." 5 U.S.C. § 704. Accordingly, judicial review is unavailable under the APA where, as here, the party seeking review has an alternative judicial remedy. *See Niagara Mohawk Power Corp. v. Fed. Energy Regulatory Comm'n*, 306 F. 3d

1264, 1268–69 (2d Cir. 2002); *Sherman v. Black*, 510 F. Supp. 2d 193, 198 (E.D.N.Y. 2007). Here, Chen may pursue an alternative judicial remedy by filing a motion to have the BIA reopen his removal proceedings, or, if the BIA denies his motion, seeking a review in the Second Circuit. *Mata*, 135 S. Ct. at 2154. Accordingly, Chen has failed to state a claim for relief under the APA and his complaint must be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

For the reasons stated in this Memorandum and Order, defendants' motion to dismiss (Doc. Nos. 16–18) is granted, and this action is dismissed.[5] The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

Dated: Brooklyn, New York
      August 30, 2016

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[5] Ordinarily, if an appeal is filed in the wrong court, the court in which the appeal is filed may, in the interest of justice, transfer the appeal to any other such court in which the appeal could have been brought at the time it was filed or noticed. 28 U.S.C. § 1631; *see also De Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 617–18 (2d Cir. 2007). However, transfer to the Second Circuit would be improper here because Chen's claim was not timely filed. Under the REAL ID Act, a petition for review must be filed no later than 30 days after the date of the final order of removal. 8 U.S.C. § 1252(b)(1). Here, Chen's final order of removal was issued prior to the May 11, 2005 enactment of the REAL ID Act. (*See* Compl. at 5.) Accordingly, Chen had until 30 days after May 11, 2005 to file his challenge to removal. *Hu*, 2012 WL 2619185, at *1. Chen did not file his action until June 12, 2015 – more than ten years after the deadline. Accordingly, transfer is not proper in this instance. *Id.*